**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| SOLMAZ KHEIRAVAR, | CASE NO. 07 CV 0143 JM (LSP) |
|---|---|
| Plaintiff, | **ORDER DISMISSING CASE WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION** |
| vs. | |
| MICHAEL CHERTOFF, Secretary of the Department of Homeland Security, et al., | |
| Defendants. | |

On January 23, 2007, Plaintiff filed the present action against Defendants, various federal immigration officials, pursuant to 8 U.S.C. § 1255. Plaintiff, an alien, seeks a writ of mandamus ordering Defendants to adjudicate Plaintiff's application for permanent residence without delay. Plaintiff also seeks an award of reasonable attorney's fees. Pending before the court is Defendants' motion to dismiss for lack of subject matter jurisdiction, improper venue, and failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1), 12(b)(3), 12(b)(6). Plaintiff opposes the motion. After carefully considering the parties' papers, the court finds that this case is not ripe for adjudication and therefore does not decide whether venue is proper or whether Plaintiff has failed to state a claim. Accordingly, the motion is **GRANTED.**

**I.   BACKGROUND**

The following allegations are accepted as true for purposes of the motion. Experimental Eng'g v. United Technologies, 614 F.2d 1244, 1245 (9th Cir. 1980). Plaintiff is a native and citizen of Iran who resides in the Southern District of California. On about September 8, 2005, Plaintiff filed a Form I-485 application for permanent residence with Defendants. Although the complaint alleges that

1  Defendants have already approved the Form I-140 visa petition of Plaintiffs' husband, Shahram
2  Mahdavi, Comp. ¶ 4, Plaintiff's opposition papers provide that Mahdavi's petition has not yet been
3  resolved and is the subject of a separate lawsuit pending in this district.  Oppo. at 8; see Mahdavi v.
4  Chertoff, 06-cv-2716-DMS-NLS.  Over the past year, Plaintiff inquired about the status of her
5  application, inquiries to which Defendants have made no satisfactory response.  Plaintiff is informed
6  and believed that her application is being subject to a security background check and that Defendants
7  have taken no action on her application during the past year.  Plaintiff, having exhausted her
8  administrative remedies, brings the present action on the ground that "Defendants' refusal to act in
9  this case is, as a matter of law, arbitrary and not in accordance with the law and regulations."  Comp.
10 ¶ 9.

11 **II.     STANDARD OF REVIEW**

12       Rule 12(b)(1) allows a court to dismiss a complaint for lack of subject matter jurisdiction.  In
13 a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of proving
14 jurisdiction.  See Scott v. Breeland, 792 F.2d 926, 927 (9th Cir. 1986).  The court must treat all factual
15 allegations as true and construe the complaint in the light most favorable to the plaintiff.  Experimental
16 Eng'g, 614 F.2d at 1245; see Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995).  However, the
17 court need not assume the truth of legal conclusions merely because they are cast in the form of factual
18 allegations.  Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987) (citing Western Mining
19 Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Claims should not be dismissed on the pleadings
20 "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim
21 which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Amfac Mortgage
22 Corp. v. Arizona Mall of Tempe, Inc., 583 F.2d 426, 429 (9th Cir. 1978).

23 **III.    DISCUSSION**

24       An action is unripe, and therefore no federal subject matter jurisdiction will lie, when the
25 action involves contingent future events that may or may not occur.  Thomas v. Union Carbide Agr.
26 Products Co., 473 U.S. 568, 580-81 (1985).  The ripeness doctrine's rationale "is to prevent the courts,
27 through premature adjudication, from entangling themselves in abstract disagreements[.]"  Abbott
28 Laboratories v. Gardner, 387 U.S. 136, 148 (1967).  Whether a controversy is ripe depends on the

1 "fitness of issues for judicial decision" and the "hardship to the parties of withholding court
2 consideration." Id. at 149.

4 Here, Plaintiff asks the court to order Defendants to adjudicate her application for permanent
5 resident status. The parties agree, however, that Plaintiff's application cannot be adjudicated until her
6 husband's pending petition for adjustment of status is resolved. See Mot. at 5; Oppo. at 8. Plaintiff's
7 application is wholly dependent on the outcome of her husband's petition. Therefore, the issues in
8 this case are not fit for judicial decision, nor is there any evidence that the parties would suffer
9 hardship were the court to withhold its consideration. Abbott Labs., 387 U.S. at 149. Although
10 Plaintiff invites the court to stay this action pending the outcome of Plaintiff's husband's case, the
11 court declines the invitation. The better course is to dismiss the complaint without prejudice rather
12 than to stay the action in the hypothetical event that Plaintiff's claim will someday mature into a ripe
13 controversy.

## IV. CONCLUSION

The motion is **GRANTED**. The complaint is **DISMISSED** without prejudice for lack of subject matter jurisdiction. If Plaintiff wishes to file an amended complaint, she must do so no later than fourteen (14) days after this order is entered. Failure to file a timely amended complaint will result in this case being terminated and any further pleadings must be filed as a new action.

**IT IS SO ORDERED.**

DATED: May 14, 2007

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All Parties